IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03438-CMA-KLM

BRINKMAN CONSTRUCTION, INC.,

    Plaintiff,

v.

CHRIS LLOYD,

    Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to File an Amended Complaint** [#37][1] (the "Motion"). Defendant filed a Response [#40] in opposition to the Motion [#37]. The Motion [#37] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1. *See* [#38]. The Court has reviewed the Motion, the Response, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#37] is **GRANTED**.

### I. Background

The background of this case has been set out in full in the June 29, 2020 Recommendation [#33] and, to the extent relevant, that background is incorporated here. In short, Plaintiff is a Colorado corporation with its principal place of business located in Colorado. *Compl.* [#4] ¶ 4. It is a general contracting business which completes

---

[1] "[#37]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

- 1 -

commercial construction projects throughout Colorado. *Id.* ¶ 7. Defendant is an individual who resides in Texas. *Id.* ¶ 2. He is an investor who came to own a forty-percent (40%) ownership interest in an Arkansas company—Naylor Concrete and Steel Erectors, LLC—with which Plaintiff did business. *Id.* ¶ 3. Plaintiff has asserted four claims against Defendant: (1) constructive fraud; (2) fraudulent misrepresentation; (3) fraudulent concealment; and (4) civil conspiracy. *Id.* ¶¶ 27-56. Plaintiff seeks judgment against Defendant in the amount of $1,309,800 plus interest, exemplary damages, and attorney fees. *See id.*

Defendant filed a Motion to Dismiss [#11], seeking dismissal of all claims under Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6). In the Recommendation [#33], the Court recommended that the Motion to Dismiss [#11] be denied to the extent Defendant requested dismissal on the basis of lack of personal jurisdiction. The Court further recommended that the Motion to Dismiss [#11] be granted to the extent that Plaintiff's four claims be dismissed without prejudice for failure to state a claim. Both parties filed Objections [#34, #35] to the Recommendation, with Defendant objecting to the Rule 12(b)(2) portion of the Court's analysis and with Plaintiff objecting to the Rule 12(b)(6) portion of the Court's analysis. The Recommendation [#33] remains pending as of the date of this Order.

Meanwhile, as Objections [#34, #35] were bring briefed, Plaintiff filed the present Motion [#37] seeking leave to amend the Complaint [#4] based on the Court's recommendation that Plaintiff's four claims be dismissed without prejudice. Defendant filed a Response [#40] in opposition on the basis of futility.

## II. Analysis

As an initial matter, no deadline for amendment of pleadings has been set, given the stay imposed in this case pending resolution of Defendant's Motion to Dismiss [#11]. *Order Vacating Scheduling Conference* [#29]; *Order* [#32]. Thus, Plaintiff's present Motion [#37] seeking leave to amend is timely. The Court therefore turns directly to Rule 15(a)(2). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (stating that the Court need only address Fed. R. Civ. P. 16(b)(4) when the amendment request is untimely).

The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend its complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

Pursuant to Rule 15(a)(2), the Court considers any arguments raised by Defendant related to whether justice would be served by amendment. As noted above, these arguments are based solely on futility. *Response* [#40]. It is well settled that a proposed amendment is futile only if the complaint, as amended, would not survive a motion to dismiss. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). "In

ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994).  Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving [it] the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in [its] complaint."  *Id.* (quotations omitted).

The Court is not inclined to delve deeply into the merits of Defendant's arguments here for several reasons.  First, the Court has already analyzed Defendant's argument regarding Rule 12(b)(2) and found that the Court may exercise personal jurisdiction over Defendant.  *Recommendation* [#33] at 18.  Although Defendant disagrees with this conclusion, Defendant does not explain how any of Plaintiff's *proposed amendments* should change the Court's analysis in this regard, largely relying on his arguments made in briefing under other legal standards.  *See e.g.*, *Response* [#40] at 3 ("As [Defendant] explained at length in his Motion to Dismiss [#11], Reply in Support of Motion to Dismiss [#16], and Objections, in Part, to Recommendation of United States Magistrate Judge [#34], this Court cannot constitutionally exercise personal jurisdiction over him . . . .").  In the absence of any briefing regarding how Plaintiff's proposed amendments would change the outcome of the Court's prior Rule 12(b)(2) analysis, Defendant's argument inappropriately essentially equates to a motion to reconsider rather than mere opposition to proposed amendments.

Second, the Court has already once examined the merits of Plaintiff's claims under Rule 12(b)(6) and recommended that they should be dismissed *without* prejudice. *Recommendation* [#33] at 22, 25, 29, 32.  "Where a complaint fails to state a claim under

Rule 12 (b)(6), dismissal without prejudice is appropriate where granting leave to amend would not be futile, and generally, the court will permit plaintiff to cure [its] defects through amendment at least in the first instance." *Baayer v. Shader*, No. 18-cv-01216-NYW, 2018 WL 5619320, at *2 (D. Colo. Oct. 30, 2018) (citing *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)).  Thus, via the present Motion [#37], Plaintiff has essentially simply taken advantage of the Court's implicit invitation to file an amended complaint to better explain the basis for its claims.

Third, while futility arguments often can be and should be addressed in connection with a motion for leave to amend a complaint, in many situations "futility arguments are better addressed in a Motion to Dismiss."  *Godfrey v. United States*, No. 07-cv-02165-MSK-MEH, 2008 WL 80302, at *2 (D. Colo. Jan. 7, 2008).  The Court finds this situation to be one of those.  Defendant's argument relies on a detailed examination of each of Plaintiff's current and proposed allegations.  *Response* [#40] at 4-11.  On a motion seeking leave to amend, such arguments are generally underdeveloped because the Court lacks the full briefing of a motion, response, and reply regarding the merits of the Rule 12(b)(6) argument.  It is simply not appropriate for the Court to examine the allegations to resolve underdeveloped issues between the parties at this stage in the proceedings, i.e., on a motion seeking leave to amend.  *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999).  The Court simply notes that, based on its review of the proposed amendments to the Complaint [#4], Plaintiff has added significant new allegations underlying its claims. *See* [#37-3] (red-line of proposed amendments).  Guided by the rule that amendments pursuant to Rule 15(a) are freely granted, Plaintiff should be afforded the opportunity to test its claims under Rule 12(b)(6),

should Defendant choose to file one.  *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, [it] ought to be afforded an opportunity to test [its] claim on the merits.").  In other words, the Court makes no comment regarding the sufficiency of these additional allegations at this time, and the Court is inclined instead to allow Plaintiff to amend its Complaint [#4] and leave the question of whether it has adequately stated claims against Defendant to be decided on a fully-briefed dispositive motion, if any, or at trial.

### III.  Conclusion

Based on the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#37] is **GRANTED**.  The Clerk of Court shall accept Plaintiff's Amended Complaint [#37-2] and accompanying Exhibits 1-5 [#37-4, #37-5, #37-6, #37-7, #37-8] for filing as of the date of this Order.

Dated: August 20, 2020

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge